INHABITANTS of WALDOBOROUGH

*vs.*

KNOX AND LINCOLN RAILROAD COMPANY, and others.

Lincoln.        Opinion April 30, 1892.

*Railroad.   Sale.   Lease.   Right of Majority.   R. S., c. 51, § 54.*

No sale or lease of a railroad in this State can be made without the consent of the Legislature.

When such consent is obtained, and there is no provision in the charter, nor in any public statute, nor in any by-law of the corporation, to the contrary, it is the right of the majority in interest to determine whether or not a sale or lease shall be made.

The same principle applies to the holders of railroad bonds secured by a joint mortgage.

The plaintiff town held about one twentieth of the bonded debt of a railroad and a much less proportion of its stock. The defendant towns held the balance and voted to sell the road. The plaintiff declined. *Held,* that it was the right of the majority to control, such action of the majority not being fraudulent, collusive or oppressive.

ON REPORT.

Bill in equity, heard on bill, answers and testimony, filed by the plaintiff, to prevent by injunction the sale of the Knox and Lincoln railroad. The plaintiff town is a stockholder and also a holder of mortgage bonds issued by the railroad. A principal allegation in the bill is that the transfer of the railroad, its property and purchase, is without the authority of law, and plaintiff's consent as a stockholder therein; also in violation of the rights of the plaintiff town and the holders of the bonds.

Other grounds for equitable relief are stated in the bill. The view taken by the court renders a report of them unnecessary. The bill did not ask for the appointment of a receiver, although the insolvency of the railroad corporation was admitted.

*Heath and Tuell*, for plaintiffs.

*W. L. Putnam, N. and H. B. Cleaves* with him, for Knox and Lincoln Railroad Company, Penobscot Shore Line Railroad Company, and Knox and Lincoln Railway Company.

*C. W. Larrabee*, for the city of Bath.

*H. Ingalls*, for Wiscasset and other towns.

*J. E. Moore,* for Thomaston.
*W. H. Fogler,* City Solicitor of Rockland.

WALTON, J. We think the injunctions prayed for in this case can not be granted. We think that, under the circumstances, it was the right of the towns and cities holding a majority of the stock of the Knox and Lincoln Railroad, they being also a majority in interest under the mortgages of the road, to determine whether or not the road should be sold or leased. No sale or lease of a railroad can be made in this State without the consent of the legislature. (R. S., c. 51, 54.) But when such consent is obtained, and there is no provision in the charter of the road, nor in any public statute, nor in any by-law of the corporation, to the contrary, we think it is the right of the majority in interest to determine whether or not the sale or lease shall be made. We are now speaking of sales and leases only. We are not speaking of contracts by the terms of which attempts are made to compel stockholders against their wills to enter into new or different enterprises, or to become members of another corporation. The cases are very numerous in which it has been held that such contracts, or contracts of sale or lease which embrace such stipulations, can not be forced upon minorities, however small such minorities may be. But when a proposed sale or lease is not embarrassed by any such stipulations, the law seems to be perfectly well settled that it is the right of the majority in interest to determine whether or not the sale or lease shall be made.

Thus, in *Lauman* v. *Railroad,* 30 Pa. St. 42 (72 Am. Dec. 685), one of the cases cited by the plaintiffs' counsel, the court held that a dissenting stockholder could not be compelled, against his will, to accept stock in another railroad in payment for his stock in the road sold ; but the court held distinctly that whether or not the road might be sold, was a question which it was the right of a majority of the stockholders to decide.

In *Durfee* v. *Old Colony Railroad,* 5 Allen, 230, the question was fully considered, and the court held that every member of a corporation aggregate, by the very act of becoming a member,

impliedly agrees to be bound by the will of the majority, unless the charter, or some public statute, or by-law of the corporation, otherwise provides. And see, to the same effect, *Treadwell* v. *Salisbury Manf. Co.* 7 Gray, 393.

And we think the same principle applies to the holders of railroad bonds secured by a joint mortgage. Such bonds are often held by a great many persons ; and when they differ as to the best mode of rendering their security available, we think it is the right of the majority in interest to determine. The court so held in *Shaw* v. *Railroad*, 100 U. S. 605. The court there said that, to allow a small minority to defeat the wishes of an overwhelming majority of those associated with them in the benefits of the common security, would be to ignore entirely the relations which bondholders, secured by a railroad mortgage, bear to each other ; and that, if differences of opinion exist among them, the voice of the majority ought to govern.

And it seems to us that this conclusion is sustained by the plainest dictates of natural justice. When there are differences of opinion, aggregate bodies of men must act by majorities, or they can not act at all. It is true that this doctrine subjects minorities to the will of majorities ; but it is equally true that the contrary doctrine subjects majorities to the will of minorities ; and since one side or the other must yield, it seems to us to be more in harmony with the principles of natural justice that it should be the minority.

In this case, the plaintiff town holds only about one twentieth of the bonded debt of the Knox and Lincoln Railroad, and a much less proportion of its stock. The defendant towns and cities hold the balance. The latter all voted to sell the road. The plaintiff town (Waldoborough) declined. We think it was the right of the majority, and especially of so large a majority, to control.

The court will at all times protect a minority of the stockholders of a corporation against a fraudulent, collusive, or oppressive exercise of power by the majority. And if in this case, the court could see in the action of the majority anything fraudulent, collusive or oppressive, the relief prayed for would

be granted. But nothing of the kind is discoverable. Nothing is seen but an honest difference of opinion as to the expediency of accepting an offer to purchase or lease the railroad and its franchises and take an assignment of the mortgages upon it. Upon such a question, we think it was the right of the majority in interest to decide.

*Bill dismissed with costs.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.